UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LORENZO DAVIS, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-1153 |
| | ) | |
| JON SANDAGE, et.al.,, | ) | |
|    Defendants. | ) | |

**OPINION**

This cause is before the Court for consideration of Defendants' motion to dismiss Plaintiff's amended complaint. [14].

I. BACKGROUND

Plaintiff is represented by counsel and he has paid the filing fee in full. Therefore, the Court has not previously conducted a merit review of Plaintiff's allegations pursuant to 28 U.S.C. §1915A.

Plaintiff's amended complaint alleges Defendants Sheriff Jon Sandage, the McLean County Board, Officer Billy Rook, and Officer Christopher Gibson violated Plaintiff's constitutional rights at the McLean County Jail. (Amd. Comp., [3], p. 1, 2). Plaintiff states he is suing the Sheriff in his official capacity, and the McLean County Board "is the entity responsible for paying judgments" against the other Defendants. (Amd. Comp., [3], p. 2).

On April 11, 2016, Plaintiff was placed in pod with various other inmates including Inmate T. H. Plaintiff and Inmate T. H. got into an argument and Inmate T. H. and others took Plaintiff's breakfast. Plaintiff reported the problems to an unnamed

1

officer. (Amd. Comp., [3], p. 2). Plaintiff claims the Sheriff and other unnamed employees were also aware of Inmate T. H.'s criminal history. Nonetheless, despite the Plaintiff's requests to be moved, he was forced to remain in the same pod.

Inmate T. H. and others again stole food from the Plaintiff on April 12, 2016. When Plaintiff confronted the inmates, they struck Plaintiff with mop handles causing injuries including a "significant injury to his right eye." (Amd. Comp., [3], p. 3). Plaintiff required emergency surgery at the University of Illinois Chicago Medical Center. Plaintiff did not return to the McLean County Jail.

Plaintiff says the inmates obtained the mop handles they used to strike Plaintiff from an "unknown employee" "who had left the handles and other cleaning supplies with (Inmate T. H.) and others, without supervising the use of these supplies." (Amd. Comp., [3], p. 3).

Plaintiff then lists two "civil rights" claims against the named Defendants and a state law claim against the county. (Amd. Comp., [3], p. 3-5).

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). The Court must accept all well-pled allegations in the complaint as true and draw reasonable inferences in a plaintiff's favor. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) *quoting Bell Atl. Corp. v. Twombly,* 550

U.S. 544, 570 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, "[t]he allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Duncan Place Owners Association v. Danze, Inc.*, 2015 WL 5445024, at *3 (N.D.Ill. Sept. 15, 2015) *citing Iqbal,* 556 U.S. at 678–79.

III. ANALYSIS

Defendants first argue Plaintiff has failed to allege sufficient facts to articulate an official capacity claim pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). To state a claim, Plaintiff must allege 1) "an express policy that, when enforced, causes a constitutional deprivation;" (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law;" or (3) "plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

Defendants argue Plaintiff's amended complaint contains nothing more than legal boilerplate without any supporting factual allegations. For instance, Plaintiff's first count alleges the Sheriff and McLean County "established (or failed to establish) and/or followed (or failed to follow) policies, practices and customs that were a direct and proximate cause" of Plaintiff's injury. (Amd. Comp., [3], p. 3). Plaintiff also states another basis for his official capacity claim:

> Defendants Sheriff and County intentionally, maliciously, and/or
> with deliberate and/or reckless indifference and/or callous disregard

3

> for Plaintiff's safety and wellbeing, and in a manner that constituted a substantially gross departure from accepted professional judgment, practice and standards effected and/or allowed to be effected and/or acquiesced in the effecting policy, custom or practice within the jail of failing to maintain and/or implement adequate policies and procedures, and/or failed to adequately train, supervise and/or discipline jail personnel with regard to these matters. (Amd. Comp., p. 3).

Plaintiff maintains "the clear inference to be drawn is that the policy of the McLean County Sheriff with regards to where individuals are housed led to (the Plaintiff), not being protected" despite his request to be moved and the known danger of Inmate T. H. (Plain. Resp., [2], p. 2). The Court disagrees. Plaintiff's complaint alleges a failure to protect claim against unknown individuals, but Plaintiff has not provided any factual support that a policy, practice, or custom led to the incident. *see also Sibley v. Dart*, 2019 WL 670270, at *6 (N.D.Ill. Feb. 19, 2019)(official capacity claim dismissed because Plaintiff's complaint "did not include any factual allegations regarding Cook County Jail's fire safety policies (or lack thereof).").

Plaintiff also claims his allegation that an unknown employee left mop handles within reach of Inmate T. H. and others is enough to state an official capacity claim. Again, the Court disagrees. Plaintiff has not identified any specific policy or custom which lead to the constitutional violation. *See Maglaya v. Kumiga*, 2015 WL 4624884, at *5 (N.D. Ill. Aug. 3, 2015) ("Plaintiffs' claim of improper police training is a factually-unsupported, boilerplate allegation that cannot survive a motion to dismiss."). Plaintiff "must plead sufficient 'factual content to nudge his claim ... across the line from conceivable to plausible.'" *Sauer v. Baldwin*, 2018 WL 4961521, at *3 (N.D.Ill. Oct. 15, 2018) *quoting McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th 2011) (citations and

quotations omitted). Since Plaintiff's complaint does not contain factual allegations suggesting a policy or practice was response for the alleged constitutional violation, the motion to dismiss Count I is granted.

Defendants next argue Plaintiff's second count does not sufficiently allege Defendant Officers Rook and Gibson were deliberately indifferent. Defendants note a Defendant cannot be held liable pursuant to 42 U.S.C. § 1983 unless they were personally involved in the alleged constitutional violation. *See Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). Plaintiff's complaint claims the officers acted with deliberate indifference when "they failed to care for Plaintiff..." (Amd. Comp., [3], p. 4). However, the amended complaint not does allege any specific actions involving either Defendant.

Plaintiff says he filed his amended complaint once he learned the names of the unknown officers, but he inadvertently forgot to add the names of these officers to the body of his amended complaint. Therefore, Plaintiff asks for leave to amend to add these names to his amended complaint. Plaintiff may not amend his complaint in response to a motion to dismiss. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (it is "an axiomatic rule that a plaintiff may not amend his complaint in his response brief").

In addition, the facts alleged in the complaint appear to support a failure to protect claim, but Plaintiff does not make reference to this specific allegation in his amended complaint. Further, Plaintiff alleges violations of both the Eighth and Fourteenth Amendments, but the constitutional violation will depend on whether

5

Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (holding that the plaintiff's Eighth Amendment rights "had not yet vested" because he had not been sentenced).

The motion to dismiss Count II is granted. However, since it does appear the Plaintiff can articulate an individual capacity claim against Officers Rook and Gibson based on a failure to protect him from an inmate attack, the Court will allow Plaintiff an opportunity to file a second amended complaint clarifying this allegation.

Finally, Defendants argue Plaintiff's third count fails to state a cause of action. Plaintiff appears to allege McLean County must pay medical expenses for any past or future injuries resulting from the inmate attack in the jail. Defendant is basing this contention on a section of the County Jail Act which requires a Jail Warden to provide all "bedding, clothing, fuel, and medical services for all prisoners under his charge…" 730 ILCS 125/17.

> When services that result in qualified medical expenses are required by any person held in custody, the county, private hospital, physician or any public agency which provides such services shall be entitled to obtain reimbursement from the county for the cost of such services. 730 ILCS 125/17.

Defendants note Plaintiff has admitted he is not currently in McLean County custody and the cause of action under the Act belongs to the medical provider, not an inmate. *See Vautsmeier v. County of Stephenson*, 682 N.E.2d 233, 235 (Ill.App. 2 Dist. 1997) ("The statute unambiguously gives the right for such a cause of action to the medical provider, not the inmate."). The motion to dismiss Count III is granted.

## CONCLUSION

The Defendants motion to dismiss the amended complaint is granted. [14]. However, since it appears Plaintiff can state an individual capacity claim against Defendants Rook and Gibson, the Court will allow Plaintiff a brief extension of time to file an amended complaint clarifying this allegation. All other Defendants will be dismissed.

IT IS THEREFORE ORDERED:

1) The Defendants motion to dismiss the Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. [14].

2) The Clerk of the Court is directed to dismiss Defendants Sheriff Jon Sandage and the McLean County Board.

3) Plaintiff must file a second amended complaint within 21 days of this order clarifying his individual capacity claims against Officers Rook and Gibson. If Plaintiff fails to file his second amended complaint on or before the April 1, 2019 deadline, this case will be dismissed with prejudice.

ENTERED this 11th day of March, 2019.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE